IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00517-DDD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TONY JACKSON,

        Defendant.

---

RESPONSES AND OBJECTIONS TO THE PRESENTENCE REPORT

---

Defendant, Tony Jackson ("Mr. Jackson"), by and through undersigned counsel, David E. Johnson, hereby files the below Responses and Objections to the Presentence Report, Doc. 33 ("PSR"):

Page 1 (arrest date; release status): Mr. Jackson was arrested on November 24, 2019, and he has been in continuous custody since that date. While the PSR accurately states that the criminal complaint was not filed in this case until November 25, 2019, it should be noted that Mr. Jackson has been in custody since November 24, 2019.

Paragraph 5 (gang affiliation): It is incorrect to describe that Mr. Jackson "is affiliated" with a gang. Mr. Jackson has not been affiliated with any gang since he was a juvenile. *See* PSR at ¶ 77.

Paragraph 22 (marijuana cigarette): Mr. Jackson did *not* inform officers there was a marijuana cigarette in his bag. In fact, there was no marijuana in his bag. He told the officers that it was a CBD cigarette. The body camera video specifically shows Mr. Jackson clarifying to officers that it is CBD, not marijuana.

Paragraph 50 (no prior conviction involving "firearm"): In paragraph 50, the PSR summarizes a prior conviction as: "Theft/Control/Firearm 2nd (felony)". Mr. Jackson objects to this summary. Mr. Jackson has *never* had a prior conviction that involved a firearm, and he has never been convicted of any prior firearm offense. Records from this prior conviction indicate Mr. Jackson was convicted under Illinois State Chapter 720, Section 5/16-1, which is Illinois' theft statute. Records also indicate his theft was not from a person. As in effect at the time of Mr. Jackson's offense, it was a class 3 felony if the theft was *not* from a person and valued over $300 to $10,000. *See* 720 ILCS 5/16–1(b)(4) (West eff. June 28, 2001 to Aug. 5, 2003) ("theft of property [not from a person] exceeding $300 and not exceeding $10,000 in value, is a Class 3 felony"). As reflected in documents in that case, the prior conviction should be summarized in the PSR as: "Theft/Stolen/Intent > $300".

Paragraph 60 (DOC records): According to the PSR, the Illinois DOC only provided the Probation Office with "[d]isciplinary history"; it did not provide any records for Mr. Jackson's many programming or education courses. Mr. Jackson does not understand why the IDOC would have only provided negative information, when there is plenty of positive information to be said about his time in IDOC. Mr. Jackson would like the following information added to the PSR:

Mr. Jackson informs that he received several certificates while in IDOC. For example, Mr. Jackson recalls participating in several courses and then earning a certificate for food safety and sanitation. He also earned his GED in 2007. Undersigned counsel was able to obtain verification of Mr. Jackson's GED (obtained in February 2007), and will provide the Probation Office with such verification.

Most recently, Mr. Jackson was released from IDOC's Jacksonville, IL facility, where he was in custody from August 31, 2018 to May 10, 2019. *See* PSR at ¶ 59. Mr. Jackson participated in numerous programming and educational courses at that facility. One that he recalls is an extensive landscaping and horticulture course. Undersigned counsel was able to obtain his transcript from that course. He completed seven courses, earning a total GPA of 3.444. It also indicates a Certificate in "Fundamentals of Horticulture" was awarded in May 2019. Undersigned counsel will provide the Probation Office with this document.

Other programming Mr. Jackson recalls participating in at IDOC include parenting, anger management, and drug use courses.

As it relates to the "disciplinary history" that was provided, Mr. Jackson responds that the list includes allegations that were dismissed.

Paragraph 89 (GED): As noted above, undersigned counsel has verified that Mr. Jackson earned his GED in February 2007. He requests this verification be noted in the PSR.

Paragraph 89-90 (skills, future education): As it relates to Mr. Jackson's skills, he would like the PSR to add his horticulture, and food safety and sanitation knowledge. Concerning future education goals, Mr. Jackson would like to learn welding. *See* PSR at ¶ 97.

Paragraphs 26, 116-17 & Page R-2 (restitution): The PSR is correct when it states that this Court *may* order restitution. Specifically, under Section 3663(a)(1)(A), this Court "*may* order . . . that the defendant make restitution to any victim of such offense." 18 U.S.C. § 3663(a)(1)(A) (emphasis added). It is important to note that unlike cases within the scope of Section 3663A, restitution is not mandatory in this case. *Cf*. 18 U.S.C. § 3663A ("the court shall

order . . ."). Instead of being mandatory, the Court is to consider statutory factors, which the

PSR does not list. Specifically, the statute states:

> (B)(i) The court, in determining whether to order restitution under this section, shall consider—
>   (I) the amount of the loss sustained by each victim as a result of the offense; and
>   (II) the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.

18 U.S.C. § 3663(a)(1)(B).

        Respectfully submitted,

        VIRGINIA L. GRADY
        Federal Public Defender


        s/ David E. Johnson
        DAVID E. JOHNSON
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        David_johnson@fd.org
        Attorney for Defendant


*I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.*

CERTIFICATE OF SERVICE

      I hereby certify that on April 17, 2020, I filed the foregoing **RESPONSES AND OBJECTIONS TO THE PRESENTENCE REPORT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Martha Ann Paluch, Assistant United States Attorney
E-mail:  Martha.paluch@usdoj.gov

Emily May Treaster, Assistant United States Attorney
E-mail:  Emily.treaster@usdoj.gov

      I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Tony Jackson (via U.S. mail)

      s/ David E, Johnson
      DAVID E. JOHNSON
      Assistant Federal Public Defender
      633 17th Street, Suite 1000
      Denver, CO  80202
      Telephone:  (303) 294-7002
      FAX:  (303) 294-1192
      David_johnson@fd.org
      Attorney for Defendant